IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| SHAVONNE WILLIAMS, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 1:21-CV-10 (LAG) |
| PHOEBE PUTNEY MEMORIAL HOSPITAL, INC., *et al.*, | : | |
| Defendants. | : | |

## ORDER

Before the Court is Plaintiff's Notice of Dismissal and Motion to Remand (Doc. 6). For the reasons stated below, Plaintiff's Motion to Remand (Doc. 6) is **GRANTED**, and the above captioned case is **REMANDED** to the State Court of Dougherty County, Georgia.

## BACKGROUND

Plaintiff initiated this action in the State Court of Dougherty County, Georgia on August 27, 2020 against Defendants Phoebe Putney Memorial Hospital, Inc., Albany Area Primary Health Care, Inc. (AAPHC), Jeffrey Ellis, Francis Kwarteng, Anthony Jones, and John/Jane Does 1–25. (Doc. 1-1 at 4.) All parties are citizens of Georgia.[1] (*Id.* ¶¶ 1–11.) Plaintiff's Complaint involves allegations of medical malpractice and asserts three counts of gross negligence, wantonness, and/or recklessness against Defendants. (*Id.* ¶¶ 49–68; Doc. 6 at 1.) Plaintiff alleges that Defendants breached their duty of care by leaving a surgical sponge inside Plaintiff's body during an unplanned surgery. (Doc. 1-1 ¶¶ 12–13.) In her prayer for relief, Plaintiff seeks compensatory damages in excess of $10,000.00, costs, and any other relief deemed proper. (*Id.* ¶ 70.)

---

[1] Defendants John/Jane Does 1–25 have not yet been identified or served. (Doc. 1-1 ¶¶ 7–11.) Plaintiff alleges that once served with process they would be subject to the jurisdiction and venue of the State Court of Dougherty County, Georgia. (*Id.*)

Defendants were served on September 11, 2020. (*Id.* at 2–3.) On October 1, 2020, the United States Department of Justice served notice on the Parties that it was investigating the status of one or more Defendants in this action because they might be deemed Public Health Service employees. (Doc. 6 ¶ 2.) On January 13, 2021, the United States (Government) deemed Defendants AAPHC and Kwarteng Public Health Service employees pursuant to 42 U.S.C. § 233, making them subject to the Court's jurisdiction. (*Id.* ¶ 3.) The same day, the Government removed the case to this Court and substituted itself for Defendants AAPHC and Kwarteng. (*Id.* ¶ 4; *see also* Docs. 1–2.) Also, on the same day, the Government filed a Motion to Dismiss for lack of subject matter jurisdiction because Plaintiff did not exhaust administrative remedies as required by the Federal Tort Claims Act (FTCA) and the Federally Supported Health Centers Assistance Act (FSHCAA). (Doc. 3 at 1); *see also* 28 U.S.C. § 2675. On February 3, 2021, Plaintiff filed a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), dismissing the Government acting on behalf of Defendants AAPHC and Kwarteng. (Doc. 5.) The next day, Plaintiff filed the instant Unopposed Motion to Remand, and the Parties filed a Consent Motion to Stay Discovery pending the Court's resolution of the Government's Motion to Dismiss. (Docs. 6–7.) The Motions are now ripe for review. *See* M.D. Ga. L.R. 7.7.[2]

## LEGAL STANDARD

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" by filing a notice of removal in a federal district court. 28 U.S.C. §§ 1441(a), 1442(a), 1446(a). A federal court is vested with subject matter jurisdiction over an action removed from a state court where federal question jurisdiction or diversity jurisdiction exist. 28 U.S.C. §§ 1331–

---

[2] The Court may immediately consider motions which it "otherwise determine[s] from the parties to be unopposed or in which the Court may clearly determine from the record before it the relative legal positions of the parties so as to obviate the need for the filing of opposition thereto. Objections to the motions will be entertained even after entry of an order on the motion, however. Any party desiring to submit an objection . . . must file a written objection within seven (7) days after service of the motion." M.D. Ga. L.R. 7.7.

1332. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If at any time during the pendency of an action a federal court determines that it lacks jurisdiction, the case must be remanded to the state court in which the case originated. 28 U.S.C. § 1447(c). "While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted). A "[d]efendant's right to remove and [a] plaintiff's right to choose his forum are not on equal footing." *Id.* at 1095.

## DISCUSSION

The sole basis for removal—and the Court's subject matter jurisdiction—in this action was the presence of the Government through its agents and employees pursuant to 42 U.S.C. § 233. After the matter was removed to the Court, Plaintiff filed a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(A)(i), dismissing the Government. (Doc. 5.) The Government does not oppose the dismissal or remand. (Doc. 6 ¶ 6.) "Because no party opposes the motion to remand, the Court's decision can be made on the papers; no hearing is necessary." *Thomas v. Phoebe Putney Health Sys., Inc.*, No. 1:18-CV-096 (LAG), 2019 WL 6039976, at *5 (M.D. Ga. Mar. 12, 2019) (quoting *Leon v. Aglialoro*, No. 09-CV-289, 2009 WL 1117463, at *1 (E.D.N.Y. Apr. 23, 2009)), *appeal dismissed sub nom. Thomas v. Phoebe Putney Health Sys., Inc.*, 972 F.3d 1195 (11th Cir. 2020).

"As the Government [was properly dismissed], the FSHCAA no longer provides a basis for federal jurisdiction." *Id.*; *see also* 42 U.S.C. § 233(c) ("Should a United States district court determine . . . on a motion to remand . . . that the case so removed is one in which a remedy by suit . . . is not available against the United States, the case shall be remanded . . . ."). There is no other independent basis for subject matter jurisdiction and only Plaintiff's state law claims remain. Exercising supplemental jurisdiction would require the Court to make "[n]eedless decisions of state law," which should be avoided. *Ameritox, Ltd. v. Millenium Lab'ys, Inc.*, 803 F.3d 518, 531 (11th Cir. 2015) (alteration in original) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). Thus, the Court will not retain supplemental jurisdiction over the remaining state law claims.

## CONCLUSION

Accordingly, Plaintiff's Motion to Remand (Doc. 6) is **GRANTED**. The case is hereby **REMANDED** to the State Court of Dougherty County, Georgia.

**SO ORDERED**, this 10th day of February, 2021.

<u>/s/ Leslie A. Gardner</u>
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**